UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ULYSEE JOHNSON,

                Petitioner,

v.                                    Case No. 5:06-cv-359-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____

## ORDER DENYING PETITION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's Citrus County convictions for aggravated assault and being a felon in possession of a firearm. Petitioner contends that he was denied the effective assistance of counsel in that: (1) counsel failed to file a motion to suppress physical evidence and an incriminating statement; and (2) counsel failed to assert the Petitioner's competency as an issue. Doc. 1. The Respondent has filed a Response (Doc. 7) asserting that the Petition is time-barred. Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply (Doc. 10), the Court concludes that the Petition should not be dismissed as time-barred, but must be denied on the merits.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## Background

Petitioner, who was represented by appointed counsel in the trial court, was charged with two counts of aggravated assault, possession of a concealed firearm, and possession of a firearm by a convicted felon. App. tab A. at 31-32. The felon-in-possession charge was severed from the remaining charges, and Petitioner was tried by a jury on that single charge on March 5, 2003. Id. tab B, trial transcript. The evidence adduced at trial may be summarized as follows. Law enforcement officers responded to a call of an incident involving a man with a gun at the A to Z Liquor Store in Dunnellon on October 26, 2001. Id. at 36, 37, 84, 85. The two victims, Ila Williams and Jack Mobley, described Petitioner and the maroon Buick that he was driving. Id. at 37-39, 48, 49, 76-79, 84-86. The Buick was found in the driveway of a residence a short distance away. Id. When officers stopped to investigate, they observed Petitioner running away and apprehended and arrested him. Id. at 39-41, 48-51, 86-88. In the Buick, the officers found an empty pistol case, a box of ammunition, and a gun lock. Id. at 51, 52, 55-58, 87-89. The gun was discovered in the backyard of the residence, hidden under a bucket. Id. at 50-52, 59-61, 89-91. Deputy David Fuller testified that after being read his Miranda rights, Petitioner admitted having a pistol but stated that he had never removed it from his waistband. Id. at 66-68, 70. Petitioner testified and denied possessing the pistol or making any inculpatory statements. Id. at 107, 108, 121-24. The jury found Petitioner guilty. Id. at 188-89.

Immediately following the trial, Petitioner advised the court that he wanted to enter a plea to the aggravated assault charges. The state dismissed the concealed firearm charge and a failure-to-appear charge, and Petitioner pled nolo contendre to two counts of aggravated assault. Id. at 192-93, 197-201, 203, 205-07. Petitioner executed a written plea agreement, and the court conducted a plea colloquy detailing the rights Petitioner was waiving with his plea and ascertaining that Petitioner's plea was knowing and voluntary. The parties stipulated to a factual basis for the plea, and the court accepted the plea. Id. at 207-15. Petitioner received a 15-year sentence for the felon-in-possession conviction, and concurrent 5-year sentences for each of the assault charges. Id.

Petitioner timely appealed, but the appeal was dismissed for failure to pay the filing fee. The Fifth District Court of Appeal subsequently granted Petitioner leave to file a belated appeal. The public defender was appointed to represent him, and counsel filed a motion for leave to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Petitioner was afforded an opportunity to respond, but the record does not reflect that he did so. The appellate court affirmed without opinion on February 8, 2005. Petitioner did not seek further direct review. Id. tab A at 157-74.

On November 15, 2006, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, asserting that his counsel rendered ineffective assistance in several ways. App. tab C. at 3. Petitioner did not sign the motion.

See id. at 35. The trial court denied the motion on the merits, without an evidentiary hearing, and without noting any procedural flaws in the motion, on December 27, 2005. Id. at 45-49. The court determined that Petitioner had not shown that counsel's performance was ineffective under the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). Id. Petitioner appealed, and the trial court's decision was affirmed without opinion on April 4, 2006. Id. at 51. Petitioner filed the instant Petition on September 27, 2006. Doc. 1.

## Timeliness of Petition

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction "or other collateral review." 28 U.S.C. § 2244(d)(2).

Respondent contends that the Petition is untimely because Petitioner's Rule 3.850 motion was not "properly-filed" since it was unsigned, and therefore did not toll the limitations period. Doc. 7. Petitioner contends that the motion was "properly filed" because the state court addressed it on the merits. Doc. 10. As support for Respondent's argument, Respondent points to cases holding that a Rule 3.850

4

motion that is unsigned is not "properly filed" under Florida law.  See Rainey v. Sec'y Dept. of Corr., 443 F.3d 1323, 1330 n.9  (11th Cir. 2006) (*overruled on other grounds* by Ferreira v. Sec'y Dept. of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007)); and Hurley v. Moore, 233 F.3d 1295, 1297-98 (11th Cir. 2000).  In each of those cases, however, the state courts expressly found that the unsigned motions were procedurally flawed, and they were dismissed by the state courts as such.  In this case, the state court did not refer to any procedural flaws in the motion, and addressed it on the merits. Under such circumstances, and in view of the fact that it is clear that Petitioner is not entitled to relief on the merits of the Petition in this Court, the Court will not dismiss the Petition as time-barred.  See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (petition for state postconviction relief is properly filed for tolling purposes if it is delivered to, and accepted by, court for placement in the official record, and delivery and acceptance are in accord with applicable state laws); Rice v. Bowen, 264 F.3d 698, 701 (7th Cir. 2001) ("We determine whether a postconviction petition is properly filed by looking at how the state courts treated it.  If the courts considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws . . . then it was not properly filed.").

## Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant

to 28 U.S.C. § 2254 is limited.[2]  Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined  by  the Supreme Court of the United  States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding."[3]  The  "contrary to" and "unreasonable application" clauses provide separate bases for review.[4]   The state court's findings as to witness credibility are presumptively correct.  See Brown v. Head, 272 F.3d 1308, 1314 (11th Cir. 2001).

## Ineffective Assistance of Counsel

In order to state a successful ineffective assistance of counsel claim, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced the defense.[5]   Both prongs must be shown in order to succeed on an ineffective-assistance claim.  Further, to prove prejudice, a Petitioner must show that there is a reasonable probability that the outcome of the trial would have been different but for counsel's unprofessional errors.

---

[2] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[3] See 28 U.S.C. § 2254(d)(1)- (2).

[4] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[5] Strickland v. Washington, 466 U.S. 668, 688  (1984).

6

When reviewing an ineffective assistance of counsel claim, the court's role "is not to grade counsel's performance;" instead, the court's role is to conduct an objective inquiry and determine "whether counsel's performance [was] reasonable under prevailing professional norms." Chandler v. United States, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (internal quotations and citation omitted). Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 1314. "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. "Thus, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy." Id. (quoting Darden v. Wainwright, 477 U.S. 168 (1986)). To overcome the strong presumption in favor of competence, the petitioner bears the burden of establishing "that no competent counsel would have taken the action that his counsel did take." Id. at 1314-15.

### Claim (1) Failure to File Motion to Suppress

Petitioner contends that his counsel was deficient for failing to file a motion to suppress the firearm, ammunition, holster, and gun lock. Doc. 1. In order to establish that counsel's performance was deficient, Petitioner must show that such a motion would have been meritorious under the circumstances of his case. Huynh v. King, 95 F.3d 1052, 1058 (11th Cir. 1996) ("A meritorious Fourth Amendment issue is a necessary prerequisite for Petitioner's Sixth Amendment claim to

succeed.") . The state court rejected this claim because the police officer's probable cause affidavit showed that the items seized from the Buick were in plain view, the victims were brought to the scene and identified the Petitioner as the person who threatened them with a gun, the gun was found hidden under a bucket in the yard where Petitioner had been, and Petitioner told the police at the scene that he did not know why he hid the gun. <u>See</u> App. tab A at 2, tab C at 47. Thus, the court rejected Petitioner's argument that the evidence was obtained as the result of any illegal search and seizure, and rejected Petitioner's argument that counsel was ineffective for failing to file a motion to suppress. Although Petitioner conclusionally alleges in this Court that the recovery of the evidence by law enforcement was "illegal," he points to no controlling authority that supports his claim. Accordingly, Petitioner has failed to show that the state court's determination that his counsel was not ineffective was contrary to, or an unreasonable application of, federal law.

Petitioner also contends that his counsel was ineffective for failing to move to suppress his inculpatory statement to the police following his arrest. The state court did not expressly state its reasons for rejecting this claim, but it is clear from the trial record that a motion to suppress by counsel would not have succeeded. The officer testified that Petitioner voluntarily made a statement to him after being fully apprised of his <u>Miranda</u> rights. App. tab B at 66-127. Although Petitioner disputed the contents of his statement at trial, he never asserted that the statement was not made

knowingly and voluntarily after being given his <u>Miranda</u> rights.  <u>Id</u>.  Accordingly, counsel was not deficient for failing to file a motion to suppress Petitioner's statement on the grounds that it was involuntary.  Petitioner has failed to show that state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

### Claim (2) Failure to Challenge Petitioner's Competency

Petitioner contends that his counsel "failed to acknowledge to the trial court petitioner's compency [sic], that was priorly ruled incompent [sic]; due to he suffered from post-traumatic stress syndrome (PTSD), inter alia."  Doc. 1.  Petitioner offers no factual support for this claim.   The trial court rejected this claim because Petitioner had stated on the record during the plea colloquy that he had never been found to be insane or incompetent, nor had he ever been a patient at any hospital for mental illness.  App. tab C. at 47.  Petitioner points to nothing in the record that refutes the state court's finding.  Accordingly, Petitioner has failed to show that his counsel performed deficiently for failing to assert Petitioner's mental status as an issue, and has failed to show that the state court's rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, federal law.

### Conclusion

For the foregoing reasons, the Petition  is **DENIED** with prejudice.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of September 2009.

UNITED STATES DISTRICT JUDGE

c:  Ulysee Johnson
    Counsel of Record